Kuhfeldt v New York Presbyt./Weill Cornell Med. Ctr. (2022 NY Slip Op 03076)

Kuhfeldt v New York Presbyt./Weill Cornell Med. Ctr.

2022 NY Slip Op 03076

Decided on May 10, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 10, 2022

Before: Webber, J.P., Singh, Moulton, Kennedy, Rodriguez, JJ. 

Index No. 805415/13 Appeal No. 15908 Case No. 2021-01886 

[*1]Sherry Kuhfeldt, Individually and as Administratrix of the Estate of Jonathan Kuhfeldt, Deceased, Plaintiffs-Respondents,
v
New York Presbyterian/Weill Cornell Medical Center, Defendant-Appellant, Critical Care Systems, Inc., et al., Defendants.

Aaronson Rappaport Feinstein & Deutsch, LLP, New York (Deirdre E. Tracey of counsel), for appellant.
Burns & Harris, New York (Nic Gerschman of counsel), for respondents.

Order, Supreme Court, New York County (John J. Kelley, J.), entered March 18, 2021, which, insofar as appealed from as limited by the briefs, denied defendant New York Presbyterian/Weill Cornell Medical Center's motion for summary judgment dismissing the medical malpractice and negligent hiring and supervision claims against it, unanimously modified, on the law, to grant the motion as to the negligent hiring and supervision claim, and otherwise affirmed, without costs.
Defendant met its prima facie burden of demonstrating the absence of medical malpractice. Defendant's expert opined that the prescription, dosage, administration, and monitoring of gentamicin, an antibiotic, were all appropriate, that decedent's gentamicin trough and creatinine levels were consistently normal, that there was no evidence of ototoxicity, vestibular toxicity, or nephrotoxicity prior to completion of the gentamicin, and that even if there was, the benefits of the medication still outweighed the risks.
However, plaintiffs' expert affidavit was sufficient to raise issues of fact. Plaintiffs' expert offered conflicting opinions with respect to the standard of care for monitoring frequency, the significance of the tremors and rising creatinine levels as possible evidence of toxicity, and the availability of extended interval dosing as an option. Although not an infectious disease specialist, as a licensed pharmacist, pharmacologist, and toxicologist, as well as a physician, plaintiffs' expert was qualified to opine on issues related to drug administration, risks, and monitoring (see Karasik v Bird, 98 AD2d 359, 362-363 [1st Dept 1984]).
Defendant's expert's disagreement regarding the significance of the tremors and rising creatinine levels presented an issue of fact not capable of resolution at this stage. Contrary to defendant's suggestion, it was not until reply that defendant's expert addressed the viability of extended interval dosing — at which point plaintiffs' expert had no opportunity to respond.
The motion court should have dismissed the negligent hiring and supervision claim based on the absence of evidence that defendant "knew, or should have known," of
the treating physician's "propensity for the sort of conduct which caused the injury" (Sheila C. v Povich, 11 AD3d 120, 129-130 [1st Dept 2004]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 10, 2022